15-1139-cv
Gardner v. Lefkotwitz

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 29th day of February, two thousand sixteen.

Present:     AMALYA L. KEARSE
             ROSEMARY S. POOLER,
             ROBERT D. SACK,
                     *Circuit Judges*.

_____

PIERS GARDNER,

                    *Plaintiff-Appellee*,

             v.                                    15-1139-cv

SURI LEFKOWITZ,

                    *Defendant-Appellant*.

_____

Appearing for Appellant:     Jonathan David Bachrach, New York, NY.

Appearing for Appellee:      James P. Cinque, Cinque & Cinque, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Batts, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **VACATED** and **REMANDED**.

Defendant Suri Lefkowitz, who states that her first name is properly spelled Surie, appeals from the March 16, 2015 order of the United States District Court for the Southern District of New York (Batts, *J.*) denying her motion pursuant to Rule 60 of the Federal Rules of Civil Procedure to vacate a default judgment entered against her on October 21, 2005. *Gardner v. Lefkowitz*, No. 05 Civ. 5193(DAB), 2015 WL 1174547 (S.D.N.Y. March 16, 2015). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"A motion to vacate a default judgment is addressed to the sound discretion of the district court, and we will not reverse the denial of such a motion except for abuse of discretion." *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998) (citation omitted). There are two caveats relevant here. First, a de novo standard of review applies when the Court reviews the denial of a Rule 60(b)(4) motion to vacate a default judgment as void. *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005). If the underlying judgment is void for lack of jurisdiction, "it is a *per se* abuse of discretion for a district court to deny a movant's motion to vacate the judgment under Rule 60(b)(4)." *Id.* (internal quotation marks omitted). Second, even when reviewing under the abuse of discretion standard, "we may reverse . . . even where the abuse of discretion is not glaring." *Am. Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 62 (2d Cir. 1996) (internal quotation marks omitted).

Lefkowitz was pro se when she made her Rule 60 motion, and remained pro se during all proceedings before the magistrate judge. Lefkowitz then obtained counsel to present her objections to the magistrate judge's report and recommendation. At the objections stage, Lefkowitz's lawyer attempted to introduce new evidence and arguments, which the district court declined to accept. Given Lefkowitz's pro se status before the magistrate judge, and considering the arguments she made while proceeding pro se, the district court exceeded the permissible bounds of its discretion in not considering the newly submitted evidence and arguments, even though the materials were not presented to the magistrate judge in the first instance. *See, e.g., New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005) ("[I]n ruling on a motion to vacate a default judgment, all doubts must be resolved in favor of the party seeking relief from the judgment in order to ensure that to the extent possible, disputes are resolved on their merits."). On remand, the district court is directed to first consider the issue of whether service was properly made. If it concludes the complaint was properly served, the district court must determine whether Lefkowitz's motion to vacate was made within a reasonable time as required by Rules 60(b)(6) and 60(c). If it was, then the court must consider the *McNulty* factors for evaluating whether to vacate a default judgment: "(1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause the nondefaulting party prejudice." 137 F.3d at 738.

Finally, we note that the briefs filed by attorney Jonathan David Bachrach in this appeal barely comport with Fed. R. App. P. 28(a)(8)(A), which requires that a brief contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Both the moving brief and reply brief are virtually devoid of citation to legal authority. Bachrach is warned that future briefing of this quality may result in discipline.

Accordingly, the order of the district court hereby is VACATED and the matter is REMANDED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk